COMBUSTION ENGINEERING, INC.,
Plaintiff,

v.

BLACK, SIVALLS & BRYSON, INC.,
Defendant.

Civ. A. No. 18161-3.

United States District Court,
W. D. Missouri, W. D.

April 20, 1970.

Malcolm Litman, Kansas City, Mo., for plaintiff.

Carter H. Kokjer, of Scofield, Kokjer, Schofield & Lowe, Kansas City, Mo., for defendant.

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER UNDER SECTION 1404(a), TITLE 28, U.S. C., TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

BECKER, Chief Judge.

This is an action for a declaratory judgment under Sections 2201 and 2202 of Title 28, United States Code, in which plaintiff requests a declaration that defendant's Letters Patent on a "Method and System for Drying Gas and Reconcentrating the Drying Absorbent" is "invalid and void without any force and effect"; and that it is in no way infringed by plaintiff. Plaintiff also requests a "preliminary and final injunction enjoining and restraining the defendant and all those controlled by defendant from asserting, contending or alleging that plaintiff and/or plaintiff's dealers, distributors or customers are now infringing or are about to infringe upon said United States Letters Patent 3,105,748, or bringing suit for infringement of said United States Letters Patent 3,105,748 against plaintiff and/or plaintiff's dealers, distributors or customers." In support of these demands for relief, plaintiff alleges that defendant "has charged that plaintiff's

customers infringe the claims of said United States Letters Patent 3,105,748, and has called upon said customers to discontinue the alleged infringement and to account for damages for alleged past infringement, all to the irreparable damage of plaintiff;" that United States Letters Patent 3,105,748 is invalid because the "alleged inventor * * * is not the original and first inventor or discoverer of any material or substantial part of the patented invention, and the alleged invention has been known by others in the United States or patented or described in printed publications prior to his alleged invention or discovery thereof for more than one year prior to the filing date of the application of said United States Letters Patent 3,105,748"; that the alleged invention which is the subject of the patent "has been known and used or on sale in this country prior to the alleged invention thereof by Willi Stahl for more than one year prior to the filing date of the application for said patent"; and that the subject of the patent is not patentable as being "merely a product of those ordinarily skilled in the art as distinguished from the standard prescribed by law for patentable invention," as covering "mere aggregations of components and not patentable combinations", and that the "specification and claims of said United States Letters Patent 3,105,748 fail to comply with the requirements of the Patent Laws of the United States, Title 35, U.S. Code, and particularly Sections 101, 102, 103, 111 and 112."

Defendant has now moved for a transfer "for the convenience of the parties and witnesses, in the interest of justice" under Section 1404(a), Title 28, United States Code. In support of the motion defendant states that its principal place of business is in Oklahoma City, Oklahoma; that its "primary operating division" and its "Processing Systems Division" are in Oklahoma City; that "with few exceptions, the engineering, manufacture, installation and startup of ['hi-con' dehydration units manufactured and sold under U.S. Patent 3,105,748] has been handled by employees of the Processing Systems Division residing in Oklahoma City, Oklahoma"; that the "sales of the BS & B HI-CON glycol dehydration units are handled by salesmen located in Oklahoma City, Oklahoma as well as various other places throughout the country"; that the "largest of the Process Systems Division sales offices outside of Oklahoma City, Oklahoma is located in Houston, Texas"; that no "BS & B Process Systems Division sales offices are located in the state of Missouri"; that a "typical HI-CON glycol dehydration unit made by BS & B under the patent in suit would be available for inspection during the trial of this case in Oklahoma City, Oklahoma"; that 10 of the 11 witnesses (whose names and addresses and general substance of their expected testimony are given in the affidavit of the president of the defendant) who will testify in respect of the "engineering, manufacture, sale and use of structures sold by BS & B and covered by Patent No. 3,105,748" reside in Oklahoma City and that the 11th resides in Houston, Texas; and that "Plaintiff does not have a regular and established place of business in the Western District of Missouri and he knows of no persons residing in the Western District of Missouri having knowledge of either Defendant's or Plaintiff's dehydration units, or the patent in suit, who would be expected to be called as witnesses in this case."

It further appears from plaintiff's allegation in its complaint that its principal place of business is "located at 3100 Charles Page Boulevard, Tulsa, Oklahoma."

Plaintiff, however, opposes the motion, giving the following as reasons therefor: "That the location of the Process Systems Division of defendant is in Oklahoma City is urged to be immaterial since the products produced by the patentee (Defendant) are not in issue" but rather "what [defendant] has patented"; that "the issues herein, invalidity and non-infringement of the pat-

ent in suit, most likely will not require that Defendant or Plaintiff be in a position to conveniently inspect Defendant's HI-CON unit or call upon Defendant's management to testify regarding the manufacture, sale or use of any structures sold by *Defendant*" (emphasis plaintiff's); that the location of expert witnesses in a patent litigation is entitled to "little or no consideration" on a 1404(a) motion; that the plaintiff's experts "are believed more likely to be found in places other than Oklahoma City"; that plaintiff's dehydration units "are likely to be dispersed throughout a wide area * * * and can be conveniently made available for inspection in the Western District of Missouri"; that

"the most pertinent books and records are believed more likely to be found in the Patent Office (near Washington, D.C.), the offices of the attorneys who, beginning in 1957, prepared and prosecuted the application for patent (Houston, Texas), the subsequent assignee of the patent (believed to be Textron, Inc., Rhode Island) and the residence of the inventor, Willi Stahl (Houston, Texas)";

that "Witnesses having relevant knowledge are likely to be found at the locations of these records, with the possible exception of the Patent Office where, if necessary, pertinent records usually may be certified"; and that plaintiff's patent attorney resides in Kansas City whereas defendant has retained the only patent attorney in Oklahoma City and plaintiff would not be able to retain counsel except at great inconvenience if the cause were transferred to Oklahoma City.

■■ On a motion to transfer under Section 1404(a), Title 28, United States Code, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055. On the basis of the foregoing facts, however, it is concluded that defendant has shown a strong balance of convenience of the parties and

witnesses in favor of transfer to Oklahoma City. Ten of its 11 witnesses are from Oklahoma City. They have been listed, together with their addresses and substance of testimony in defendant's president's affidavit. This is in accordance with the rule of Popkin v. Eastern Air Lines (E.D. Pa.) 253 F.Supp. 244. Plaintiff, to the contrary, has not specified any of its potential witnesses, but rather states that they are likely to come from all over the country, in which case Kansas City might be a convenient central location for all of them. When considered together with the facts that both plaintiff and defendant have principal places of business in the proposed transferee district; that nearly all of defendant's witnesses reside there; and that, as plaintiff states, Houston, Texas, may be a potential repository of relevant witnesses and records and those pertinent records in Washington, D.C., can be certified, it does not appear that Kansas City would be any more centrally located to the relevant witnesses and records than Oklahoma City. Further, plaintiff's contention that defendant's listed witnesses do not purport to testify to relevant issues is without merit. Among other things, plaintiff has pleaded that the patent is invalid because it "represents merely a product of those ordinarily skilled in the art as distinguished from the standard prescribed by law for patentable invention." On that crucial issue, the witnesses listed by defendant as having knowledge of the engineering and structure of the subject of the challenged patent can render relevant testimony. Plaintiff also states, as grounds for its claim to extraordinary injunctive relief, that defendant has called upon plaintiff's customers to discontinue the alleged infringement. The witnesses whom defendant has listed as "controlling and managing the affairs of BS & B relating to the * * * sale and use of structures sold by BS & B and covered by Patent No. 3,105,748" can testify relevantly on that issue.

Further, as noted above, plaintiff has not listed any of its witnesses. It only

notes in the affidavit supporting opposition to the motion that "the witnesses required by the Plaintiff in this suit have not been determined"; that "as presently contemplated none of the witnesses for Plaintiff would include Defendant's employees residing in Oklahoma City, Oklahoma"; and "that Plaintiff's witnesses are expected to be called from various parts of the country, with Kansas City being centrally located and thereby a place of convenience for said witnesses." Assuming, however, that all of plaintiff's witnesses are from "various parts of the country" no balance of inconvenience of their traveling to Oklahoma City rather than Kansas City could be shown. Oklahoma City is also of some geographical central location and, further, principal offices of both parties are located in Oklahoma and nearly all of plaintiff's potential witnesses reside in and around Oklahoma City.

Further, plaintiff's specific statement in respect of its prospective witnesses is that they are "likely to be found" in Houston, Texas, and Rhode Island (with possible necessity of witnesses located in Washington, D.C., being obviated by certified records). Oklahoma City is closer than Kansas City to Houston, where the attorneys who obtained the patent and the inventor reside. The distance from Rhode Island, where the subsequent assignee of the patent purportedly resides, is not appreciably greater to Oklahoma City than Kansas City.

Finally, no connection of this suit with this District is (or can be) asserted by plaintiff exept defendant's possible amenability to service here and the location of plaintiff's patent counsel in Kansas City. Venue, however, is also proper in Oklahoma. And defendant does not make it clear why any inconvenience which it might suffer in respect of retaining counsel in Oklahoma City must be accounted of greater weight than defendant's inconvenience in defending a suit in Kansas City by patent counsel located in Oklahoma City. In this respect, the possible inconvenience of plaintiff must be deemed to be balanced out by the inconvenience of defendant.

Otherwise, by affidavits in support of its motion, defendant has shown a strong balance of convenience for the parties and witnesses in favor of transfer to the Western District of Oklahoma, Oklahoma City Division.[1]

It is therefore

ORDERED that this cause be, and it is hereby, transferred to the United States District Court for the Western District of Oklahoma, Oklahoma City Division.

---

1. Counsel for both parties were contacted by the Court and they expressed a common willingness to have the motion to transfer decided on the briefs and affidavits sub- mitted in suport of and in opposition to the motion, without the necessity of a hearing.